THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* JOHN McCANN, Appellant.

The provision of the insurance law of 1853 (chap. 463, Laws of 1853), as amended in 1862 (chap. 300, Laws of 1862), and in 1865 (chap. 328, Laws of 1865), which provides for the incorporation of companies to make insurance, among other things, "against loss, damage or liability arising from any unknown or contingent event whatever, which may be the subject of legal insurance," except fire, marine and life insurance, embraces insurance against accidents or damage to plate-glass arising from causes other than fire.

One acting, therefore, within this State as the agent in receiving and procuring applications for insurance for such a company organized under the laws of another State, which company has not filed with the superintendent of the insurance department a certificate showing it to be possessed of the capital prescribed by said act (§ 14), is liable for the penalty imposed thereby. (§ 18.)

A recovery may also be had against such agent for the penalty imposed by the act of 1861 (chap. 334, Laws of 1861) upon the agent of a foreign

* See Mem., 64 N. Y., 648.

insurance company, in case of the failure of the company to file the annual statement required by that act.

The only effect of the act of 1873 (chap. 617, Laws of 1873), in relation to plate-glass insurance companies, was to reduce the amount of deposit required of such companies. It did not abrogate the penalties imposed by the said act of 1853.

To maintain an action to recover the penalty imposed by said act of 1853, it is not necessary to set forth the statute in the complaint; it is sufficient to state that the acts complained of were in violation of the insurance statutes of the State.

(Argued December 4, 1876; decided December 19, 1876.)

APPEAL from judgment of the General Term of the City Court of Brooklyn affirming a judgment in favor of plaintiffs, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action is brought to recover penalties claimed in the complaint to have been incurred by the defendant, in acting as the agent of a foreign insurance company, in the issuing and delivery of insurance policies, " in violation of the insurance acts and statutes of this State." No particular statute was referred to.

The particular violation relied on was, that on the 27th day of June, 1873, the defendant, acting for the New Jersey Plate-glass Insurance Company, a corporation organized under the laws of the State of New Jersey, issued and delivered to the Phœnix Insurance Company of Brooklyn a policy of insurance of plate-glass in a building known as No. 98 Broadway, Brooklyn, the said New Jersey Plate-glass Insurance Company having failed to comply with the requirements of the insurance laws, and being therefore unauthorized to issue policies within this State.

Upon the trial defendant's counsel moved to dismiss the complaint on the ground that no statute was pleaded. The motion was denied and defendant's counsel duly excepted.

It was proved upon the trial that said company was incorporated in 1868 by an act of the legislature of the State of New Jersey for the purpose of insuring against loss or damage

by accidental breaking plate and other large glass or mirrors. No certificate of the deposit of securities, annual statements, or other documents whatever relating to the company, were on file in the office of the superintendent of the insurance department. The fact of the delivery by defendant of the policy, as alleged in the complaint, was proved, and also that defendant had an office in the city of Brooklyn bearing the sign "general agency of the New Jersey Plate-glass Insurance Company."

The court charged the jury that under the existing statutes in this State, the New Jersey Plate-glass Insurance Company "had no right to issue policies because it had not complied with the prerequisites which the statute had provided," and that if defendant acted as agent, plaintiffs were entitled to recover, to which defendant's counsel duly excepted.

The question whether the defendant was acting as the agent of the company was left to the jury.

Further facts appear in the opinion.

*D. P. Barnard* for the appellant.

*Henry E. Davies, Jr.,* for the respondents.

RAPALLO, J. We think that the provisions of chapter 463 of the Laws of 1853, as amended by chapter 300 of the Laws of 1862, and chapter 328 of the Laws of 1865, are sufficiently broad to sustain this action. Section 1 of that act provides for the incorporation of insurance companies, which are divided into two departments. The first to make insurance on lives, etc., and the second on health, against accidents to persons, on the fidelity of persons holding places of trust, on the lives of animals, and also "*against loss, damage or liability arising from any unknown or contingent event whatever which may be the subject of legal insurance,*" except fire, marine and life insurance.

This language is, in our judgment, sufficiently broad to embrace insurance against accidents or damage to plate glass, arising from causes other than fire. Such casualties are con-

tingent events, which may be the subject of legal insurance.

Section 6 of this act provides that no company organized for the purposes named in the second department shall commence business until it shall have deposited with the superintendent of the insurance department the sum of $25,000, invested in certain prescribed securities. By chapter 328 of the laws of 1865 this amount is increased to $100,000.

Section 14 enacts that it shall not be lawful for any person to act within this State, as agent or otherwise, in receiving or procuring applications for insurance, or in any manner to aid in transacting the business of insurance referred to in the first section, (which embraces both departments) for any company or association incorporated by or organized under the laws of any other State government, unless such company is possessed of the amount of capital required by the sixth section for companies in this State, invested in prescribed securities, which securities shall be deposited with the auditor, comptroller, or chief financial officer of the State by whose laws said company is incorporated, and the superintendent of the insurance department of this State is furnished with the certificate of such officer that he holds such securities in trust and on deposit for the benefit of policyholders, etc. Such companies are also required to file statements.

Section 18 enacts that every violation of the act shall subject the party violating to a penalty of $500 for each violation, to be sued for and recovered in the name of the people by the district attorney of the county in which the company or agent so violating shall be situated.

The complaint avers that on or about the 27th of June, 1873, the defendant, in the city of Brooklyn, in this State, issued and delivered to the Phœnix Insurance Company a policy of insurance on plate glass, purporting to be issued by The New Jersey Plate Glass Insurance Company, and received the premium thereon; that said company was not organized under the laws of this State, and did not deposit security as required by the laws of this State, and was not authorized to

issue policies within this State, and that said policy was issued in violation of the insurance acts and statutes of this State.

It was proved on the trial that the company was incorporated in 1868, by an act of the legislature of the State of New Jersey, for the purpose of making insurance against loss or damages by the accidental breaking of plate and other large glass, or mirrors. That no certificate of the deposit of securities, statement, or other document whatever relating to the company, was on file in the office of the superintendent of the insurance department. That the defendant had an office in the city of Brooklyn bearing the sign, "General Agency of the New Jersey Plate Glass Insurance Company." That on the application of the Phœnix Insurance Company, he delivered to it a policy of said Plate Glass Insurance Company, insuring the Phœnix Company against loss or damage by accident to certain plates of glass in Brooklyn, and received the premium of such insurance. The court charged the jury that, under the existing statutes of this State, the New Jersey Plate Glass Company had no right to issue policies, because it had not complied with the prerequisites which the statute had provided, and that if the defendant acted as their agent, the plaintiffs were entitled to recover the penalty. The question of the defendant's agency was left to the jury, who found for the plaintiffs.

We think that the plaintiffs' case was made out under the act of 1853 before referred to, and that the recovery may also be sustained under chapter 334 of the Laws of 1861, which requires all foreign insurance companies transacting any kind of insurance in this State, to make annual statements of their condition to the insurance department, in the same manner and in the same form as similar companies organized under the laws of this State, and subjects agents of such companies to penalties in case of omission. It is claimed, however, that as there was no law in this State expressly referring to plate glass insurance companies, no form of statement was prescribed for such companies, and this company could not, therefore, make a statement in the same form as similar companies

in this State. The act of 1853, however, prescribes a form of statement for companies organized under that act, and if we are right in holding that plate glass companies fall within its provisions, a penalty was incurred by the defendant, under the act of 1861, by reason of the failure to file a statement, as well as under the act of 1853, by reason of the failure to deposit securities and file the certificate.

The appellant contends that the first statute of this State in relation to plate glass companies is chapter 617 of the Laws of 1873, and that inasmuch as that act omits to provide any penalty for a failure to comply with its provisions, agents of such companies are free from any penalty. We cannot concur in this view. On the contrary, we think that the act of 1873 shows that the act of 1853 was regarded by the legislature as authorizing the formation of plate glass companies, and applicable to them, for the act of 1873 speaks of companies theretofore organized under the laws of this State, to make insurance against loss or damage to plate glass exclusively. The act of 1853 was the only one under which such companies could have been organized. The only effect of the act of 1873 was, in our opinion, to reduce the deposit required of plate glass companies, domestic or foreign, to $50,000 in place of $100,000, which was required of all casualty companies by the act of 1853 as amended in 1865, and it was not intended to abrogate the penalties imposed by that act.

The only objection raised at the trial to the reference to the act of 1853, for the purpose of maintaining this action, was that that act was not pleaded. We think that the case of *Nellis* v. *The New York Central Railroad Company* (30 N. Y., 505), fully answers that objection. No other question was raised in respect to the pleadings.

The judgment should be affirmed.

All concur.

Judgment affirmed.