STATE, RESPONDENT, *v.* OWSLEY ET AL., APPELLANTS.

[Submitted October 23, 1895. Decided November 4, 1895.]

PLEADING—*Public statute—Judicial notice—Forfeiture.*—In a complaint by the state to recover a forfeiture under a general statute, it is not necessary to recite or specifically refer to the statute or to formally conclude the complaint with the words "against the form of the statute" in such case made and provided.

TAXATION—*Assessment of poll tax—Sufficiency of demand.*—Under section 171 of the revenue act of 1891 (2nd Session page 123) providing that the assessor may require any person to make a verified statement showing the number and names of his employes subject to poll tax, a written formal demand for such statement, signed by the assessor in his official capacity, and served upon a member of a partnership, notifying them that the list was for the use of the assessor in collecting poll taxes from the persons in their employ, is sufficient, and it is not necessary in such case that the assessor should have personally offered to swear such partner to the facts he wished to elicit.

FORFEITURE—*Interest.*—Interest is not recoverable on a forfeiture from the date of filing the complaint, but only from the rendition of judgment, where there was no special averment of vexatious or unreasonable delay.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION by the state to recover a forfeiture. Judgment was rendered for the plaintiff below by McHATTON, J. Modified and affirmed.

· Statement of the case by the justice delivering the opinion.

The object of this action is to recover the sum of $500, and

interest, alleged to be due by way of forfeiture or penalty from the defendants to the state.

It is averred : That in November, 1891, the defendants employed divers and sundry persons over 21 and under 60 years of age, and not paupers, insane persons or Indians, such persons being liable to pay the poll tax required by the laws of the state of Montana. That it was defendants' duty, upon proper demand made, to make a verified statement, showing the number and giving the names of the employes of said defendants liable for the payment of said tax.

A demand was made in the following form :   "To John F. Cowan, William Owsley and James A. Talbott, copartners as Owsley, Cowan and Talbott : You are here notified and required to furnish to the undersigned, assessor of Silver Bow county, Montana, a verified statement, showing the number and giving the names of all your employes in Silver Bow county, Montana, who are male inhabitants of Montana, and over twenty-one and under sixty years of age, not paupers, insane persons nor Indians; which statement shall be for the use of the said officer in assessing and collecting poll taxes from the persons under your employ liable to pay such tax.   M. L. Holland, Assessor of Silver Bow County, Montana. By Charles W. Lane, Deputy."

That the defendants refused to make the statement required by law, and that by reason of such failure to furnish such statement as is by law required the defendants became liable to the state of Montana in the sum of $500.   A general demurrer was interposed and overruled.

The defendants answered the complaint, stating that whether there were in their employ any persons subject to poll tax they had no information, and therefore denied the same; denied that it became the duty of defendants to make a verified statement of their employes liable for the payment of poll tax; deny that they refused to furnish a statement as required by law; deny that by reason of their failure they became liable to the state in any sum; deny that any amount is due or unpaid from them to the state; allege that they were not required to furnish a

verified statement as required by law in such cases; that no persons ever offered to swear defendants as to any persons in their employ, nor were they ever required to take any oath with reference to such employes; allege that some person, unknown to defendants, served a written notice on William Owsley, and that the said Owsley did not read the same, and that no other request was ever made on defendants; that defendants do not know whether the notice attached to the complaint was the same notice served on Owsley, and therefore deny the same.

No replication was filed.   Both parties moved for judgment on the pleadings, and the court entered judgment for plaintiff for $500, with $101.38 interest and costs.   Defendants filed a bill of exceptions, and appealed from the order and judgment of the court.

*Forbis & Forbis*, for Appellants.

*Henri J. Haskell*, Attorney General, for the State, Respondent.

HUNT, J.—The state has brought this action under section 171 of the revenue act of the second session, 1891 (Laws Mont. 1891, page 123), which provides concerning poll taxes that : "The assessor may require the person or his agent or any other officer, agent or manager of any association or corporation to make a verified statement showing the number and giving the names of the employes of such person, association or corporation, and if such statement is not furnished the assessor, the assessor must make an estimate of the persons so employed and assess them, and such assessment is as valid as if made on a verified statement.   The person, association or corporation refusing to make such verified statement forfeits the sum of five hundred dollars, which may be recovered in an action brought in the name of the state."

The appellants argue that no cause of action is stated, because the assessor "should have presented himself to the de-

fendants, and then and there offered to swear one of them to such facts as he wished to elicit.''

The statute is a plain answer to this contention. By it the assessor's duty in the premises towards the defendants was performed when he gave the notice and made the demand, and upon the receipt thereof the defendants' duty was to furnish the verified statement. The demand was a plain and unambiguous compliance with the statute. It was signed by the assessor in his official capacity. It pertained to public taxes, and expressly notified defendants that the list was for the use of the assessor in assessing and collecting poll taxes from the persons under defendants' employ. It was formal, and sufficient to secure at least the respectful consideration of being read— and not ignored—by the person upon whom it was served. A prudent attention to papers signed by revenue officials clothed with the power of listing persons and property subject to taxation often saves vexatious litigation and heavy costs.

But, if the notice is held good, it is still urged that, this being an action to recover a statutory penalty, the complaint is fatally defective, because it nowhere refers to the statute violated by title, page, or section, nor does it conclude, ''against the form of the statute,'' nor does it allege that defendants have violated any statute.

Under old systems of pleading, and authorities which are principally to be found in states or courts where reformed code pleading does not prevail, or did not when the decisions were made, an action to recover a penalty or forfeiture should conclude, ''*contra formam statuti*,'' and should, perhaps, specify the statute affording the right and the remedy. (*Reed* v. *Northfield*, 23 Am. Dec. 662.) But ''these technical and nice distinctions are, however, now rapidly ceasing to be of interest except as matter of legal history. The great changes recently effected in this country and in England have laid the ax to the root of the old fabric of the common law, as far as its procedure is concerned; and wherever the modern and simple mode of pleading has been adopted, actions on statutes are to be brought, no doubt, as in other instances, by a concise

statement of the facts on which the alleged claim is sought to be maintained.'' (Sedgwick on St. & Const. Law, p. 90.)

In this state there is but one form of civil action, and the Code simply declares that the complaint shall contain, among other things, ''a statement of the facts constituting the cause of action, in ordinary and concise language.'' The complaint in this action does set forth (1) the facts which enter into the first branch of the cause of the action, and are the occasion of the primary right and duty relied upon, and (2) the facts which constitute the defendants' omission. It therefore is not necessary, in addition to such facts, to plead a statement of the legal rule to which the facts apply. (Pomeroy on Rem. § 524; Baylies, Code Pl. § 6.) The statute under which this action is brought being a public one, the court will take judicial notice of it. (Comp. Laws 1887, div. 1, § 643.) Therefore, under the universal rule, matters of which judicial notice is taken, need not be stated. (Bliss, Code Pl. § 181; Baylies, Code Pl. § 10.)

Under the Code there is no more necessity for referring to a public statute in suits to recover penalties than in other actions. ''All mere forms are abolished, and this was but a form.'' (Bliss, Code Pl. § 181; *Brown* v. *Harmon*, 21 Barb. 508; *Hewitt* v. *Harvey*, 46 Mo. 368.)

In the case of *People* v. *McCann*, 67 N. Y. 506, an action was brought in the name of the people by the district attorney of the county, to recover penalties claimed to have been incurred by the defendant in acting as the agent of a foreign insurance company in the issuing and delivery of insurance policies, ''in violation of the insurance acts and statutes of this state.'' No statute in particular was referred to. Objection was made at the trial on the ground that the act violated was not pleaded, but the court held that the case of *Nellis* v *Railroad Co.*, 30 N. Y. 505, ''fully answered that objection.'' Reference to this last citation shows that it was an action by an individual against a railroad company for asking and receiving a greater rate of fare than that allowed by law. The statute provided that in such a case the company shall forfeit $50,

which sum could be recovered by the party paying the same, etc. Considering the point raised by the appellant herein, the court said : ''The defendant's counsel insists that the complaint should have set out the various enactments consolidating the several companies which make up the New York Central, so as to show that defendant is restricted to two cents per mile for carrying passengers over its road. I can perceive no more reason for setting out these statutes than there is for setting out the proceedings by which the several companies consolidated into the Central were incorporated and organized. It is enough to allege that the defendant has been duly organized, and that it is entitled to demand and receive of passengers traveling over its road a certain rate of fare; and that it has demanded and received a higher rate. The acts of the legislature, and the proceedings of the separate companies, and of the defendant after consolidation, would be evidence to establish the facts upon which the limitation of the fare which the defendant may charge depends. The court, by taking judicial notice of these acts and proceedings, could not relieve the defendant from the effect of its admission, deliberately made, that the fare was but two cents per mile, though by the act it might be six cents.''

The New York court of appeals, by these decisions, recognize no distinction between the form of actions brought by the state and those by an individual to enforce statutes of penalties or forfeitures; and, on principle, we can see none.

The following authorities sustain the form of plaintiff's complaint : Boone on Code Pl., § 181; *McHarg* v. *Eastman*, 35 How. Prac. 205; *Morehouse* v. *Crilley*, 8 How. Prac. 431; *Abbott* v. *Railroad Co.*, 12 Abb. Prac. (N. S.) 465; Sedgwick on St. & Const. Law, p. 90; Voorhees' Ann. Code N. Y. 1870, p. 192, subd. d.

The sequel of our views is that it was unnecessary to recite or specifically refer to the public statute under which this action was brought, or to formally conclude the complaint with the words, ''against the form of the statute'' in such case made and provided.

The district court allowed interest on the amount of the penalty from the date of filing the complaint. There was no special averment of any vexatious or unreasonable delay on defendants' part, and, being satisfied that the defense was interposed in good faith, we think that the judgment should be modified by remitting all interest except upon the sum of $500, from the date of the rendition of the judgment, to wit, November 21, 1893. As so modified, it will be affirmed.

*Modified and affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.