## BOWERS *v*. CHARLESTON HILL NAT. MINES, INC.

### No. 2754

January 6, 1927.                                    251 P. 721.

#### ON MOTION TO DISMISS

1. APPEAL AND ERROR—DISMISSAL.
    Respondent's motion to dismiss appeal for appellant's failure to file transcript within time stipulated by supreme court rule 2 will be denied, where respondent has not presented or filed certificate of clerk, as required by rule 3.

2. EXCEPTIONS, BILL OF—FILING TRANSCRIPT.
    Transcript of testimony and proceedings certified by court reporter, which, under Stats. 1923, c. 97, sec. 1, could have been filed as bill of exceptions, to become such, no motion for new trial having been made, must have been filed not later than 20 days after final judgment unless time had been extended.

3. EXCEPTIONS, BILL OF—TIME FOR FILING.
    On appeal from order refusing to modify judgment, time for filing bill of exceptions is within 10 days after objections and exception to ruling, as prescribed by Stats. 1915, c. 142, sec. 6.

4. APPEAL AND ERROR—DECISION DEEMED EXCEPTED TO.
    Order or decision, made in absence of party, is deemed to have been excepted to, in view of civil practice act, sec. 376, as amended by Stats. 1915, c. 208, sec. 2.

5. APPEAL AND ERROR—RECORD.
    Papers in connection with decision refusing to modify judgment, certified by clerk, do not become part of record on appeal, without having been allowed and settled by trial judge or

stipulation of parties, since they do not fall within exceptions of Stats. 1915, c. 142, sec. 12, 14, providing that certified documents and exhibits may be made part of record on appeal.

C. J.-CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 802, p. 899, n. 76; 4 C. J. sec. 1889, p. 278, n. 70; p. 280, n. 93 (new) ; sec. 2158, p. 443, n. 55 (new) ; sec. 2206, p. 472, n. 14 (new) ; sec. 2420, p. 598, n. 97.

APPEAL from Sixth Judicial District Court, Humboldt County; *L. O. Hawkins,* Judge.

Action by F. R. Bowers against the Charleston Hill National Mines, Inc. From the judgment, defendant appeals. On motions to dismiss appeal and affirm judgment. **Motions denied, and counsel granted time for filing and serving briefs.**

*Thos. A. Brandon,* for Appellant.

*J. W. Dignan,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

Respondent has submitted a motion, theretofore noticed, to dismiss the appeal for noncompliance with rule 2 of the rules of the supreme court. The rule reads:

"The transcript of the record on appeal shall be filed within 30 days after the appeal has been perfected and the bill of exceptions, if there be one, has been settled."

Respondent contends that no bill of exceptions was settled by the judge of the lower court, and that, consequently, the time limited by the rule commenced to run, when the appeal was perfected, and had expired some 30 days before the transcript of the record on appeal was filed.

Judgment was rendered in favor of respondent, and appellant made a motion to modify it. The motion was denied. From the judgment and order of the court refusing to modify it, this appeal is taken. The appeal was perfected on July 14, 1926, and the transcript of

the record on appeal was filed with the clerk of this court on September 15, 1926. Appellant insists that there is a bill of exceptions in the record and that the delay in filing the transcript of the record on appeal was due to the actions of respondent in filing objections in the lower court to the proposed bill of exceptions. The transcript of the record on appeal before us consists of a certified copy of the judgment roll, a transcript of the testimony and proceedings in the lower court certified by the court reporter, certified copies of the notice of motion to modify judgment, objections to findings and conclusions of law, and motion to amend the proposed findings, decision on motion to modify judgment, objections to findings, and conclusions of law, and motion to amend and modify proposed findings, and the appeal papers. This, in its entirety, was labeled "Proposed Bill of Exceptions," and was served on respondent and filed with the clerk of the district court on the 20th day of July, 1926. It was, thereafter, on August 21, presented to the judge of the court for settlement. Respondent made written objections to the settlement of the same as a bill of exceptions, on the ground that the same had not been prepared, served, and filed within the time allowed by law, and also moved to strike the whole and certain parts thereof. The objections and motions were regularly heard by the trial court, and on September 9, 1926, its decision was made denying the right of the appellant to have any bill of exceptions settled upon the ground that the same was not prepared, served, and filed within the time allowed by law. Thereafter, on September 15, 1926, as previously stated, appellant filed the same in this court as the record on appeal.

1. Without passing upon the merits of appellant's excuse for the delay, we think that it is sufficient to say that respondent has not complied with rule 3, and is therefore in no position to invoke it. He has never presented or filed in this court a certificate of the clerk, as required by said rule 3. Consequently, the motion to dismiss is denied.

2, 3.   Respondent has also moved this court for an order striking from the transcript on appeal herein all papers, documents, and transcripts therein contained, except the judgment roll, the clerk's certificate thereto, the notice of appeal, and the bond on appeal, upon the ground that they are not properly authenticated in the manner provided by law, nor incorporated in any bill of exceptions, proposed, filed, or settled in the manner or within the time required by law.   This motion must be granted, except as to the decision or order of the court refusing to modify the judgment.   This, certified by the clerk, and the certified copy of the judgment roll, and the appeal papers constitute the record on appeal, for the reason that there is no bill of exceptions either on appeal from the judgment or order refusing to modify it filed within the time required by law.   The transcript of the testimony and proceedings certified by the court reporter which, under the provisions of section 1 of the acts of 1923, pp. 163, 164, could have been filed as a bill of exceptions to have become such, no motion for a new trial having been made, must have been filed not later than 20 days after final judgment, unless the time therefor had been enlarged.   No extension of time was made. Final judgment was rendered on May 20, 1926, and the transcript of the testimony and proceedings was not filed until July 20, 1926.   It was therefore filed too late to become a bill of exceptions on appeal from the judgment.   It was also filed too late to become a bill of exceptions on appeal from the order refusing to modify the judgment.   The trial judge correctly held that the time for filing a bill of exceptions to such an order is prescribed by section 6 of the act of 1915, pp. 164, 165.

Section 1 of this act provides, in part, as follows:

"Any party to an action or special proceeding may, after the filing of the complaint, and before trial, object and except to any ruling, decision, or order made in such action or special proceeding, and, within ten (10) days after such objection and exception, serve and file a bill of exceptions thereto."

Section 6 provides:

"Bills of exception to any action, decision, ruling, or order of the court, after final judgment, shall be prepared, served, allowed, and settled in the manner and within the time specified in section 1 of this act."

True, section 1 of the act of 1915 has since been repealed by the act of 1923, but section 6 is in full force and effect, and the time is fixed by the latter section for filing bills of exception "to any action, decision, ruling, or order of the court, after final judgment," other than an order determining a motion for a new trial, at 10 days after objection and exception thereto.

4. An order or decision made in the absence of a party is, by the provisions of section 376 of the civil practice act, as amended by Statutes of 1915, p. 321, deemed to have been excepted to. The decision refusing to modify the judgment was made June 30, 1926. Consequently, the reporter's transcript of the testimony and proceedings, if intended to be a bill of exceptions on appeal from the order refusing to modify the judgment, was not filed within the time prescribed by said section 6.

5. Counsel for appellant, in his brief filed on the motion to dismiss, contends that, as to the papers on the record on appeal certified to by the clerk of the trial court, or by the court reporter, there was nothing therein, nor in the entire record, for the trial court to settle or approve; that it was presented to the trial court for any criticism which might be made, and to settle it, if the court desired to do so. It is true that the transcript of the proceedings in the trial court, duly certified by the court reporter, required no settlement by the trial judge. If it had been filed in time, it would constitute a bill of exceptions, by virtue of section 1 of said act of 1923. Counsel's view, however, that the papers in connection with the decision, refusing to modify the judgment certified by the clerk, became a part of the record on appeal, without having been allowed and settled by the trial judge or by stipulation of the parties, is entirely erroneous. They do not fall

within the exceptions made by sections 12 and 14 of the said act of 1915, which provide that certified documents and exhibits may be made a part of the record on appeal. The trial judge refused to settle the certified copies of the papers mentioned as a bill of exceptions because not filed within the time required by section 6 of said act of 1915. The ruling was right.

For the reasons given, the reporter's transcript of the testimony and proceedings and the certified copies of all the papers, in connection with the decision of the trial court refusing to modify judgment, are hereby ordered struck from the record on appeal.

Respondent contends that there are no errors on the face of the judgment roll and has moved to affirm the judgment. This motion will be denied for the reason that we are not inclined to consider the case without further argument by counsel from the standpoint of the record as it now stands in this court. Counsel for appellant has filed his opening brief on the merits; respondent has filed no brief on the merits, pending the decision of the court on these motions. Counsel for respondent may have 15 days after receiving a copy of this decision in which to file and serve his reply brief, and counsel for appellant 15 days thereafter in which to file and serve closing brief. Thereupon the case may be submitted or orally argued, as counsel may desire.

## ON THE MERITS

June 16, 1927.                    256 P. 1058.

1. APPEAL AND ERROR—FINDINGS.
   It is general rule that finding outside of issues will be disregarded.

2. EVIDENCE—PLEADING STATUTE.
   It is common learning that public statute, such as Stats. 1925, c. 139, providing for penalty for withholding wages after employee is discharged or laid off, need not be pleaded or referred to by title or otherwise, it being sufficient that party seeking to rely on it shall set forth facts bringing case within it, in view of civil practice act, sec. 130 (Rev. Laws, sec. 5072).

3. PLEADING—JUDICIAL KNOWLEDGE.
   Facts of which judicial notice is taken need not be stated in pleading.

4. MASTER AND SERVANT—PLEADING HELD INSUFFICIENT.
   Employee's complaint seeking recovery from employer for

services performed as laborer and miner *held* not to fairly tender issue under Stats. 1925, c. 139, providing penalty for withholding employee's pay, and insufficient to support judgment for such penalty, since court will not assume that dual relief was sought unless pleader clearly manifests desire to avail himself of cumulative remedy.

5. Pleading—Certainty.

Whatever is alleged in pleading must be alleged with such certainty as to apprise opposite party of what he is required to meet on trial and court of issue presented.

#### C. J.–CYC. REFERENCES

Appeal and Error—4 C. J. sec. 2546, p. 656, n. 19 (new).
Evidence—23 C. J. sec. 1916, p. 108, n. 78; sec. 1947, p. 129, n. 96.
Master and Servant—39 C. J. sec. 339, p. 233, n. 65.
Pleading—31 Cyc. p. 47, n. 37; p. 72, n. 30.
Statutes—36 Cyc. p. 1237, n. 46–49.

Action by F. R. Bowers against the Charleston Hill National Mines, Incorporated. Judgment for plaintiff, and defendant appeals. **Modified and affirmed.**

*Thos. A. Brandon,* for Appellant:

Complaint seeks to recover $618.50 for services rendered on express contract. No reference is made to Stats. 1925, p. 226, allowing penalty for default. Decision shows clearly $300 of judgment is penalty. Question is whether court had authority to render judgment for penalty, not only without any allegation therefor, but contrary to allegations. If judgment is not supported by complaint it will be reversed. Frevert v. Henry, 14 Nev. 191; Marshall v. Hymers, 16 Nev. 156.

*J. W. Dignan,* for Respondent:

Complaint alleged employment, wages, nonpayment, demand, and refusal. Legislature has said when these facts exist laborer may recover penalty not to exceed $300 as liquidated damages for employer's breach. Stats. 1925, 226.

Objections to sufficiency of complaint are in nature of demurrer. Complaint will be supported by every legal intendment after judgment on merits.

Appeal is on judgment roll alone. If any error exists it must appear therein.

## OPINION

By the Court, Ducker, J.:

This case was formerly before us on a motion to dismiss the appeal and to strike certain parts of the record. On the determination of the motion all portions of the record on appeal except the certified copy of the judgment roll, the notice of appeal, undertaking on appeal, and order of the trial court denying respondent's motion to modify judgment were struck from the record. Bowers v. Charleston Hill National Mines, Inc., 50 Nev. 99, 251 P. 721. Consequently the case is before us on the judgment roll alone.

The complaint alleges that the plaintiff, respondent here, performed work, labor, and services for defendant at its special instance and request, as a laborer and miner in and upon the premises of the defendant, for which defendant promised to pay him the sum of $618.40; that no part of said sum has been paid; that the same is now due, owing, and unpaid; that more than five days before the commencement of the action plaintiff made demand for the payment of said sum; and that defendant failed, neglected, and refused to pay the same. The complaint also alleges that plaintiff has been compelled to employ counsel to commence this action for the collection of the same, and that $250 is a reasonable sum to be allowed to plaintiff as counsel fees herein.

Briefly stated, the answer denies the performance of the services alleged except to the extent of 11 days at the agreed price of $5 per day, making a total sum of $55, which it admits has not been paid. It is alleged that the sum of $565 included in the sum alleged in the complaint was for services rendered by plaintiff in extending a tunnel on defendant's property for one John Gunnori; that defendant was not a party to the contract for services in extending said tunnel; and that said Gunnori in making the same acted for himself and not as the agent of the company; that prior to the commencement of this action plaintiff demanded the payment of

said $565 from said Gunnori, who refused to pay the same. The answer also contains a counterclaim for the sum of $70 alleged as a reasonable rental for one of the defendant's buildings situated on said property and occupied by plaintiff and his family during the time that Gunnori was working for plaintiff in extending said tunnel under the contract; and for the further sum of $50 as the reasonable value of work and services furnished by defendant at plaintiff's request and for the use and benefit of plaintiff.

The trial court found that there was a balance due the plaintiff from defendant for work and labor in the amount of $53.40. It is also found that plaintiff entered into a contract with Gunnori to extend said tunnel to the premises of the defendant, for which work and labor he claimed $545, and that defendant herein did not employ plaintiff to do said work and was not liable for the same.

The court further found from the evidence that defendant failed, neglected, and refused to pay plaintiff the wages due and owing to him in cash upon demand at the date upon which he ceased his employment, and that by reason of such failure defendant became and was liable to plaintiff for the statutory penalty for such failure and refusal in the sum of $10 per day for a period of 30 days, being the total sum of $300; that the defendant so failed and neglected to pay plaintiff the wages due and owing to him upon demand being made therefor by plaintiff on or about the 18th day of March, 1926, for the said sum of $53.40.

Judgment was rendered in favor of plaintiff for the sum of $353.40, together with plaintiff's costs. Section 1 of the statute under which that part of the judgment for $300 was given reads:

"Whenever an employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash, lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages

or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full, without rendering any service therefor; provided, however, he shall cease to draw such wages or salary thirty days after such default." Stats. 1925, p. 226.

1. Appellant attacks that portion of the judgment rendered by virtue of the foregoing statute. It is con-. tended that, as the statute of 1925 was not pleaded or referred to or such a state of facts set forth in the complaint as to indicate clearly that the respondent intended asking relief under the provisions of the statute, that part of the judgment is outside of issues made by the pleadings, and therefore against law. It is a general rule that findings outside of the issues will be disregarded. This rule has been repeatedly stated by this court. Marshall v. Golden Fleece M. Co., 16 Nev. 156; Douglas Milling & Power Co. v. Rickey, 47 Nev. 148, 217 P. 590; Schultz v. Mexican Dam & Ditch Co., 47 Nev. 453, 224 P. 804.

Respondent contends that a pleading of or reference to the statute is unnecessary. He insists that, as the complaint alleges the relation of employer and employee, that work, labor, and services were performed as a laborer and miner by the employee for the employer at its special instance and request; that a certain sum was due, owing and unpaid, that a demand was made for payment of the same and that the employer failed to pay the same, these allegations fairly include a statement of a claim under the act of 1925, and nothing more was required to enable the court to award the wages authorized by the statute in addition to the amount found due under the contract of employment.

2. The statute is a public statute, and it is common learning that a public statute need not be pleaded or referred to by title or otherwise. The rule is stated in 36 Cyc. p. 1237, as follows:

"When a public statute is applicable to a case, it is sufficient that the party who seeks to rely upon the statute shall set forth the facts which bring the case within it and it is not necessary to recite the title of the act or otherwise designate or even refer to it."

It is true that some courts have declared exceptions to this rule as to indictments for offenses created by statute, actions for penalties under a statute giving a new or cumulative remedy, or one differing from that given by the common law. 21 R. C. L. 444. But the great weight of modern authority is not in accord with these excepted cases. Speaking on the subject Mr. Bliss in his work on code pleading says:

"The rule, though a general, was not a universal one in common-law pleading, for we find certain declarations charging that the act complained of was contrary to the form of the statute in such cases made and provided, with the averment that by virtue of the statute an action has accrued, or words equivalent. The rule as applied to public statutes was that ordinarily, and where the statute was remedial, although the liability was created by it, it sufficed to state facts which brought the party within its provisions; but if it was penal, it must be counted on—i. e., expressly referred to as above. The rule was stated in New York shortly before the adoption of the new system. The action was upon a replevin bond taken under the statute, and the declaration was objected to as not averring that it was taken in pursuance of the statute. The objection was overruled, the court giving the general rule now being considered, and holding it to be unnecessary to plead a public statute, but adding that, 'in criminal prosecutions for an offense created by an act of the legislature, a reference to the statute is required for the purpose of informing the defendant distinctly of the nature and character of the offense; and so in penal actions founded on a statute, for substantially the same reason.' Shaw v. Tobias, Const. (3 N. Y.) 188. These were actions of debt on statute, and the rule requiring a reference to the statute as above, although a matter of form, was always enforced. It is

not believed that under the code there is any more necessity for referring to a public statute in penal than in other actions. All mere forms are abolished, and this was a formality merely. Also, the court takes judicial notice of public statutes, and the rule is universal that matters of which judicial notice is taken need not be stated." Bliss on Code Pleading, sec. 181, p. 229.

The matter is well reviewed in State v. Owsley, 17 Mont. 94, 42 P. 105. The court said:

"*  *  * It is still urged that, this being an action to recover a statutory penalty, the complaint is fatally defective, because it nowhere refers to the statute violated by title, page, or section, nor does it conclude, 'against the form of the statute,' nor does it allege that defendants have violated any statute. Under old systems of pleading, and authorities which are principally to be found in states or courts where reformed code pleading does not prevail, or did not when the decisions were made, an action to recover a penalty or forfeiture should conclude, 'contra forman statuti,' and should, perhaps, specify the statute affording the right and the remedy. Reed v. Northfield [13 Pick. (Mass.) 94] 23 Am. Dec. 662. But 'these technical and nice distinctions are, however, now rapidly ceasing to be of interest except as matter of legal history. The great changes recently effected in this country and in England have laid the ax to the root of the old fabric of the common law, as far as its procedure is concerned; and wherever the modern and simple mode of pleading has been adopted, actions on statutes are to be brought, no doubt, as in other instances, by a concise statement of the facts on which the alleged claim is sought to be maintained.' Sedg. Ct. & Const. Law, p. 90. In this state there is but one form of civil action, and the code simply declares that the complaint shall contain, among other things, 'a statement of the facts constituting the cause of action, in ordinary and concise language.' "

Our civil practice act in establishing general rules of pleading provides that:

"In pleading a private statute, or a right derived

therefrom, it shall be sufficient to refer to such statute by its title and the day of its passage, and the court shall thereupon take judicial notice thereof."· Section 130, Civ. Prac. Act (Rev. Laws, 5072).

3. No reference whatever is made to public statutes of any character. A statement of the facts constituting the cause of action or defense in ordinary and concise language is required. We think that, as to public statutes, the plain implication from the practice act, including the exception above stated, is that it was enacted with reference to the universal rule that facts of which judicial notice is taken need not be stated in the pleading.

4. The complaint, however, does not fairly tender an issue on the statute and is insufficient for this reason. The statute unquestionably gives a cumulative remedy to labor employees unknown to the common law. It provides that an employee may charge and collect wages for 30 days after the default of the employer in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor. But there is nothing in the allegation of the complaint, either by reference to the statute or otherwise, except a demand for payment, to inform the court or the appellant that the pleader intended a recovery under the statute in addition to the recovery of· compensation for services actually rendered. How could the court know, or the appellants be apprised, when the pleader has merely stated facts for his common-law cause of action for the debt, that the pleader intended these allegations in a double sense and the appellant be prepared to defend against a claim for statutory wages? Unless the pleader clearly manifests in his complaint a desire to avail himself of the cumulative remedy, the court ought not, as was evidently done in this case, to assume that dual relief is sought.

The statute says the employee "may charge and collect." But he may not desire to do so. He may be satisfied with the recovery of the original debt. True, a

previous demand of payment is alleged in the complaint, and the allegation of such a demand is unnecessary in a complaint for work, labor, and services. However, it is common practice to allege a demand. Any inference from this allegation in the complaint favorable to the intention of the pleader to invoke the statutory remedy is entirely negatived by another allegation in the complaint and the prayer thereof. It alleges that the sum of $618.40 is due, owing, and unpaid for work, labor and services performed, and in the prayer this is the exact sum demanded, together with counsel fees and costs and disbursements.

5. It is a well-recognized rule of pleading that whatever is alleged in pleading must be alleged with sufficient certainty to apprise the opposite party of what he is required to meet on the trial, and the court of the issue presented.

As stated, we do not think under our code a reference in pleading to a public statute is necessary, but where, as here, the statute gives a cumulative remedy unknown to the common law, there should be such a statement of facts as to leave no doubt that it was intended to bring the case within the statute. Otherwise it will be presumed and treated as a common-law action. Montgomery v. Edwards, 45 Vt. 75.

As that part of the judgment based on the finding for $300 for statutory wages is outside of the issues, the case is remanded, with directions to the lower court to strike from the judgment the sum of $300.

The judgment as so modified is affirmed.