## CALDWELL *v.* WEDEKIND MINES CO., ET AL.

No. 2787

May 29, 1928.                                          267 P. 827.

*Wayne T. Wilson,* for Appellant:

*John Sinai,* for Respondents:

## OPINION

By the Court, SANDERS, C. J.:

On January 11, 1927, Gladys I. Caldwell, as administratrix of the estate of J. B. Dixon, deceased, made application to the court below for an injunction to restrain the holding of the annual meeting of the stockholders of the defendant corporation, scheduled to be held on January 11, 1927, and to restrain the defendants or any of the stockholders from voting at said meeting any of the shares of stock issued from its treasury since

the death of plaintiff's intestate, which occurred on September 30, 1925, and to restrain the defendants from voting at said meeting the one share of stock standing on the books of the company at the time of the death of J. B. Dixon in the name of C. E. Clough, and for a judgment or decree canceling all shares of stock issued from the treasury of the company since the death of J. B. Dixon, and that plaintiff be adjudged to be the owner of the share of stock standing on the books of the company in the name of C. E. Clough and of the $6\frac{2}{3}$ shares of stock standing on the books of the company in the name of Nott Leete, and that defendants be enjoined from holding any stockholders' meeting until plaintiff's rights in the premises be.adjudged and determined. Upon consideration of the complaint, a temporary restraining order issued as prayed. Subsequently the cause came on for hearing, upon issues joined upon the complaint, answer, amendment to answer and plaintiff's reply. After a full hearing upon the pleadings and evidence, formal findings of fact and conclusions of law were entered, upon which it was adjudged, ordered and decreed that the defendant, Amelia Martin, transfer to the estate of J. B. Dixon, deceased, the one share of stock standing on the books of the company in her name, transferred to her by C. E. Clough; that the 412 shares of stock issued by the officers of the company belong to the party or parties in whose name or names said shares stand on the books of the company; that the defendants, Joseph Martin, Amelia Martin, and Josephine Birch, directors and officers of the defendant company, continue to carry on the affairs of the corporation until the election of their successors, and that the restraining order heretofore issued be canceled and dissolved. Subsequently the plaintiff gave notice of her intention to move for a new trial, which motion was denied. Thereafter the plaintiff perfected her appeals from the order denying and overruling her motion for new trial and from the judgment, as required by law.

The respondents, defendants below, moved to strike

from the record on appeal the bill of exceptions and to dismiss the appeal from the order overruling plaintiff's motion for new trial, which motion was sustained. 50 Nev. 366, 216 P. 652.

The case is now before us upon the appeal from the judgment upon the judgment roll alone. It is questionable whether we would consider the roll, but since no formal objection is made to its consideration, we shall review it for the purpose of determining whether it shows upon its face any reversible error.

The complaint alleges in substance that the annual meeting of the stockholders of the defendant company was held on January 12, 1926; that at said meeting less than a majority of the issued and outstanding stock of the corporation was represented and voted contrary to the by-laws of the corporation and the statutes of the State of Nevada, and that all subsequent acts of the directors and officers of the corporation so illegally elected are null and void.

■ The contention of appellant is that the complaint shows upon its face that plaintiff's intestate owned a majority of the issued and outstanding shares of the capital stock of the defendant company and that no valid meeting of the stockholders could have been held on January 12, 1926, by the holders of a minority of the issued and outstanding stock of the company and, therefore, the judgment should be reversed, but in support of this proposition counsel does not call our attention to any statute providing that no stockholders' meeting of a corporation shall be held unless a majority of the outstanding stock is represented. It may be that the by-laws of the corporation provide that a quorum at a meeting of the stockholders shall consist of a majority of the outstanding stock of the company, represented in person or by proxy. The by-laws of the corporation are not noticed judicially, but must be proved as facts. 16 Cyc. 882; 14 Corpus Juris, 349.

■ The facts not being before us, we must presume that the evidence supports the findings and the findings

the judgment, with respect to the election of the directors and officers of the defendant corporation on January 12, 1926.

Finding no error upon the face of the judgment roll, the judgment is affirmed.

ON PETITION FOR REHEARING

July 6, 1928.

*Per Curiam:*

Rehearing denied.