J. R. BOND, Appellant, *v.* JULIAN THRUSTON and
MARYEMMA THRUSTON, Respondents

No. 2363

January 24, 1940.                98 P. (2d) 343.

## OPINION

By the Court, HAWKINS, District Judge:

Defendant appealed from a judgment rendered against him, and in favor of plaintiffs, by the Eighth judicial district court of the State of Nevada, in and for the county of Lincoln, for the sum of $846.60, with interest and costs of suit; and from the order of said court denying his motion for a new trial.

The defendant and appellant relies upon four alleged errors of the trial court to entitle him to a reversal of the judgment rendered against him; which are:

1. It was error for the trial court to overrule the general demurrer interposed by the defendant to plaintiff's complaint;

2. It was error for the trial court not to sustain defendant's objection, made at the beginning of the trial, to the introduction or reception of any evidence in support of plaintiff's complaint;

3. The judgment was erroneous in that the findings of fact and conclusions of law constituting the decision of the court are unsupported by the pleadings; and,

4. The judgment is excessive in that the award of $690 therein as special damages is unsupported by the findings.

The first two assignments of error may be considered and disposed of together, as the general demurrer and the objection to the introduction or reception of any evidence in support of the complaint were filed and interposed upon one and the same ground; that the complaint did not state a cause of action.

The complaint, with the caption, entitlement and verification omitted, reads as follows:

"1. That plaintiffs are husband and wife, residing in the town of Pioche, County of Lincoln, State of Nevada, and that defendant is a resident of the town of Pioche, County of Lincoln, State of Nevada.

"2. That on to-wit; the 7th day of April, 1937, plaintiffs purchased from defendant 50 pieces of 16 foot

3 ply wood wall board and on to-wit the 8th day of April, 1937, plaintiffs purchased from defendant 60 pieces of 4x8 three-ply wall board, the cost price of which was the sum of $158.40; that defendant represented to plaintiffs that said material so sold and delivered was first-class material and that the same was suitable material for erecting wall and ceilings in a first-class dwelling house, and placing wall board thereon, and that the same was thoroughly seasoned and plaintiffs, relying upon said representation purchased said materials from defendant.

"3. That said materials were used in the construction of a five-room dwelling house erected by said plaintiffs upon Lot 6 Block 14 Town of Pioche, County of Lincoln, State of Nevada, and that after the erection of said dwelling house and papering over said materials so sold and delivered to plaintiffs, the papering became damaged, soiled, and rendered useless for the reason that said materials, so sold and delivered were not as represented to plaintiffs and contained pitch, which has destroyed the interior of said house by leaving unsightly pitch stains in each and every room upon the ceilings and walls of each and every room and, although demands has been made upon said defendant to replace said materials, defendant has failed, neglected and refused to do so, and as a result of said failure so to do, plaintiffs have been damaged in the sum of $158.40.

"For a second and further cause of action plaintiffs allege:

"1. Re-allege Paragraph 1 of plaintiff's first cause of action as though fully set forth herein verbatim.

"2. That due to the misrepresentations of defendant to plaintiffs it has become necessary for plaintiffs to incur additional expenses to remedy and cure the defects resulting from defendant's misrepresentation and in order to put the said dwelling house in first-class condition the following sums are necessary to be expended, that is to say:

| | |
|---|---:|
| Labor, tearing out inside lining and putting back ply wood | $100.00 |
| Purchase of ply wood | 160.00 |
| Sizing and Stuping | 50.00 |
| Paper and papering | 130.00 |
| Replacing kitchen cabinet | 100.00 |
| Living room cabinet | 50.00 |
| Repairing bath room | 50.00 |
| Replacing inside trim | 50.00 |
| Repainting | 150.00 |
| Total | $840.00 |

"Each and every item above set forth is necessary and rendered necessary solely through the false representation of defendant to plaintiffs and as a result thereof plaintiffs have been damaged in the sum of $840.00 and, although demand has been made upon said defendant to pay the same defendant has failed, neglected and refused to pay the same or any part thereof to the damage of plaintiffs in the sum of $840.00.

"For a third and separate cause of action plaintiffs allege:

"1. Re-allege Paragraph 1 of plaintiffs' first cause of action as though fully set forth herein verbatim.

"2. That on to-wit; the 7th and 8th days of April, 1937, defendant sold and delivered to plaintiffs 110 sheets of three-ply lining that at said times mentioned defendant negligently, carelessly and wilfully represented that said material was first-class building material in every respect and said plaintiffs relying on said representation purchased same and thereafter used the same in the construction of a modern five-room dwelling house; that thereafter and upon completion of said dwelling house plaintiffs discovered that said material was not first-class material, but to the contrary was uncured, pitch-laden, third-grade, inferior material and further allege the fact to be that defendant well knew at the times said material was sold and delivered that the same was of

inferior grade and not as represented and further allege; that said defendant well knew that said material was unfit for the use for which it was sold and delivered that notwithstanding said knowledge on the part of said defendant plaintiffs are informed and believe, and therefore allege that defendant negligently, carelessly and wilfully and without disclosing the true character of said material allowed plaintiffs to use the same well knowing that damage would result therefrom

"That due solely and only to defendant's negligent, careless and wilfull misrepresentation plaintiffs have been disturbed in the peaceable use and occupation of said premises and have been and now are damaged in the sum of $998.00, as is set forth in plaintiffs' first and second causes of action to which reference is hereby made and although demand has been made upon defendant to pay the same, defendant has failed, neglected and refused to pay the same or any part thereof.

"Wherefore: Plaintiffs pray judgment of this court as follows:

"Upon their first cause of action $158.40; upon their second cause of action $840.00; upon their third cause of action $998.40; for their costs of suit incurred, and for such other and further relief as the Court may deem just and proper in the premises."

Section 12 of the uniform sales act, being section 6746 N. C. L. 1929, defines an express warranty, and provides: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

In Pomeroy Code Remedies, 4th Edition, on page 460, in section 347, the author discusses at length the elements constituting a cause of action, and concludes such paragraph with the statement that: "The cause of

action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong."

And on page 465, in section 349, the same author says: "If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms and kinds of relief he may claim that he is entitled to, and may ask to recover; the relief is no part of the cause of action."

To the same effect is the holding of the court in Hutchinson v. Ainsworth, 73 Cal. 452, 15 P. 82, 84, 2 Am. St. Rep. 823, where it is stated: "The facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, make up the cause of action. If these facts, taken together, give a unity of right, they constitute but one cause of action."

Testing the complaint in this action by the rules laid down in the foregoing statute and authorities it states a single cause of action, brought to recover both general and special damages alleged to have been sustained by the plaintiffs, resulting from the breach of an express warranty made them by defendant regarding the quality and suitability of certain building materials purchased from him by the plaintiffs to be and which were used by them in the construction of their new home.

Although one must plead facts showing the character and extent of special damages sustained on breach of a warranty, such as plead in this action, before such special damages can be recovered as an element of damages, yet if such special damages are sustained the facts showing the character and extent thereof constitute part of the same cause of action brought to recover general damages for breach of such warranty, and

should be plead as part of the same cause of action. The fact plaintiffs saw fit not to observe that rule of pleading and set out the facts showing the character and extent of special damages they claimed had been sustained by the wrong of defendant in a so-called second and further cause of action, did not in fact constitute the pleading of a different cause of action; being merely a separation of the two parts of the same cause of action.

As the complaint stated a cause of action against defendant and in favor of plaintiffs, the trial court did not err when it overruled defendant's general demurrer; nor was it in error when it overruled his objection to the introduction of any evidence to support the said complaint.

■ Another error relied upon by appellant is that the findings of fact and conclusions of law are not supported by the pleadings. A comparison of the pleadings with the findings discloses that certain of the findings are on matters outside the issues made by the pleadings; such findings should be disregarded, and so much of the judgment as is based thereon held to be void, as against law. Marshall v. Golden Fleece Gold & Silver Min. Co., 16 Nev. 156; Scossa v. Church, 46 Nev. 254, 205 P. 518, 210 P. 563; Douglas Milling & Power Co. v. Rickey, 47 Nev. 148, 217 P. 590; Bowers v. Charleston Hill National Mines, Inc., 50 Nev. 99, 104, 351 P. 721, 256 P. 1058.

■■ The only findings of ultimate facts outside the issues raised by the pleadings are findings of the existence of a state of facts from which the law creates an implied warranty that the building materials sold by defendant to plaintiffs were reasonably fit for the purpose to which such materials were to be applied, and the finding that the builders of the home were first-class workmen and they were free from negligence in the construction thereof. Since it was alleged in the complaint, and the court found there was an express warranty of the quality and suitability of the building

materials, the finding of facts from which an implied warranty of a similar nature would arise did not injure defendant, nor would the disregarding of such findings affect the judgment rendered in the case.  The same conclusion applies to the finding regarding the skill possessed by the workmen and the care exercised by them in constructing the home; as no part of the judgment is dependent on such finding.

Appellant also argued that many of the findings should be disregarded for the reason they were findings of evidentiary and not of ultimate facts, and if such are disregarded those remaining do not justify the judgment.  It is true that in almost all the findings made by the trial court there are findings on mere matters of evidence, which should not have been included therein, but in each of such findings there are also findings upon the ultimate facts alleged in the pleadings; which with the other ultimate facts found upon the issues raised by the pleadings, support and justify the judgment rendered in the case.  The inclusion in the findings of evidence presented at the trial, to support the allegations of the complaint, did not injuriously affect any substantial right of the defendant.

Appellant's contention that the findings are outside the issues and not supported by the pleading for the reason it is alleged and admitted in the pleadings that the materials were purchased April 7, 8, 1937, while the finding on that matter is that both contract and representation were made December 20, 1936, is not well founded, since such finding is not inconsistent with the pleadings; the pleadings merely alleging the dates when the purchases were made, while the finding sets out not only the dates of purchases as alleged in the pleading but the date whereon the executory contract was entered into which was concluded and executed by the purchases on the dates alleged and found.

The last assignment relied on by appellant is that the judgment is excessive in that the award of $690

therein as special damages is not supported by the findings. There is no merit in such assignment. In its findings the trial court expressly found that plaintiffs had been damaged, by reasons set out in said findings, on their second cause of action in the sum of $690, and by reason of such finding concluded that plaintiffs were entitled to recover from defendant on their second cause of action the sum of $690. That so-called second cause of action was brought solely and only to recover special damages which plaintiffs alleged they had sustained by reason of the breach of the warranty regarding the materials purchased by them from defendant. In it they set forth an itemized statement of the special damages they had sustained, amounting to $840, which was in excess of the amount found by the court, and while such finding does not itemize the damages allowed on said so-called second cause of action it is within the pleadings and sustains the judgment for special damages. Whether such allowance for special damages was excessive, in fact, we cannot determine for the reason the evidence introduced in the trial before the lower court is not before us. Every presumption must be indulged that the showing before the trial court warranted its finding on the measure of damages. Hobart Estate Co. v. Jones, 51 Nev. 315, 274 P. 921; Caldwell v. Wedekind Mines Co., 51 Nev. 32, 267 P. 827.

Finding no error in the record affecting adversely any substantial right of the appellant, the judgment is affirmed.

NOTE—ORR, J., being disqualified, the Governor designated HON. L. O. HAWKINS, Judge of the Sixth Judicial District, to sit in his stead.

### ON PETITION FOR REHEARING

March 3, 1940.                                    100 P. (2d) 74.

*Jo G. Martin,* for Appellant.
*Harold M. Morise,* for Respondents.

## OPINION

By the Court, HAWKINS, District Judge:

Appellant has petitioned for a rehearing on his appeal, and in support of the petition says: "The principal defect of the complaint complained of by the appellant in his first two specifications of error in his appeal from the order refusing to grant a new trial is not dealt with in the opinion, and apparently has not been considered by this Honorable Court."

He then stated what he considered such defect in the complaint to be, and proceeded to make substantially the same argument and cited the same authorities as in his briefs filed on the appeal.

We considered all the points and authorities submitted by appellant before rendering the opinion affirming the judgment of the trial court, and gave to them the weight and importance to which they were entitled.

We were satisfied the opinion clearly applied the law to the facts as shown by the record in this case, and petitioner has not presented any point or submitted any authority in the petition for rehearing which warrants further consideration of the case.

The petition, therefore, is denied.